UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                           :
KATHRYN JORDAN                              :
                               Plaintiff,     :
                                                          :           17 Civ. 9197 (LGS)
                   -against-                         :
                                                          :           **OPINION AND ORDER**
VERIZON CORP. et al.,                       :
                                          Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Pro se Plaintiff Kathryn Jordan brings this action against Verizon Communications Inc. and certain of its affiliates, (collectively, "Verizon" or "Defendants") and Paul Hastings, alleging misconduct in connection with a 2004 settlement agreement between Plaintiff and Verizon, and Verizon's improper denial of Plaintiff's employee benefits. Verizon moves to dismiss the Complaint. Plaintiff opposes Verizon's motion to dismiss, and in the alternative, seeks leave to amend the Complaint. For the reasons that follow, Defendants' motion to dismiss is granted, and Plaintiff's motion to amend the Complaint is denied.

I. **BACKGROUND**

      The facts below are taken from the Complaint, exhibits attached to the Complaint and documents of which the Court may take judicial notice. *See TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016). The facts alleged in the Complaint are assumed to be true only for purposes of this motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

      Between 1999 and 2002, Plaintiff was an executive in the Brand Management Department at Verizon Communications. Plaintiff suffers from multiple sclerosis. In 2000, Plaintiff disclosed her disability to request a "reasonable accommodation." In response,

Plaintiff's supervisors harassed her regarding her disability, ostracized her and put her on two years of probation. In 2002, the stress caused by this harassment caused Plaintiff to suffer a "medical collapse" and incapacitated her. No longer able to work, Plaintiff took a long-term disability leave.

### A.     The 2004 Settlement of *Jordan I*

Plaintiff filed her first action against Verizon in 2002 ("*Jordan I*"), alleging disability discrimination and contesting a 20% reduction in her Long-term Disability Benefits ("LTD"). On July 14, 2004, Plaintiff signed a "Settlement Agreement, General Release and Covenant Not to Sue", which provided that Verizon would pay Plaintiff $100,000 in exchange for a general release from Jordan. Soon after signing, Plaintiff attempted to withdraw from the agreement. Judge Scheindlin, the presiding judge, held a conference on July 23, 2004, at which Plaintiff requested an additional settlement term -- namely, that Verizon conduct an "exit interview" with her. Verizon orally agreed to conduct the exit interview within 30 days of the conference. On July 27, 2004, Judge Scheindlin entered judgment approving the settlement, with the added exit interview term (collectively, the "Agreement"), and closed the case with prejudice.

### B.     Plaintiff's Motion to Vacate the Settlement – *Jordan II and Jordan III*

After Judge Scheindlin entered judgment, Plaintiff attempted to rescind the Agreement. Plaintiff filed a Rule 60(b) motion to vacate the judgment ("*Jordan II*"), arguing, among other things, that (1) she was coerced into executing the Agreement; (2) Verizon fraudulently misrepresented the terms, value and benefits of the Agreement; (3) the attorneys decided to settle the case without her consent; (4) Verizon negotiated in bad faith to defraud her of pension rights and never intended to honor the Agreement; and (5) Verizon suppressed evidence during discovery to induce Plaintiff to sign the Agreement. *See Jordan v. Verizon Corp.*, No. 02 Civ.

10144, 2007 WL 4591924, at *2 (S.D.N.Y. Dec. 27, 2007). Judge Scheindlin recused herself from adjudicating the motion, and the case was reassigned to Judge Daniels. *Id.* Judge Daniels adopted the Report and Recommendation of Magistrate Judge Ronald Ellis, and found that "there [were] no facts to support a conclusion that [Verizon] made any intentional misrepresentations, negotiated in bad faith, or suppressed evidence." *Id.* at 5. Judge Daniels also found that Plaintiff had not signed the Agreement under "duress or coercion." *Id.* Accordingly, Judge Daniels denied Plaintiff's motion to vacate the judgment. *Id.*

Jordan appealed ("*Jordan III*"), and on September 25, 2008, the Second Circuit dismissed, stating that Jordan's appeal "lack[ed] an arguable basis in law or fact." *See Jordan v. Verizon Corp.*, No. 8 Civ. 1984, slip op. (2d Cir. Sept. 25, 2008).

C.     **The 2008 Action**

In 2008, while *Jordan III* was pending, Jordan filed another action before Judge Lynch seeking to nullify the Agreement and restore the original complaint in the 2002 action ("*Jordan IV*"). In *Jordan IV*, Plaintiff asserted breach of written contract, breach of oral contract, fraudulent inducement, and breach of the duty of good faith and fair dealing. Judge Lynch granted Verizon's motion to dismiss for lack of subject matter jurisdiction, and granted Plaintiff leave to replead with proper jurisdictional allegations, including only a claim for breach of the Agreement based on Verizon's alleged failure to conduct an exit interview. *Jordan v. Verizon Corp.*, No. 08 Civ. 6414, 2008 WL 5209989, at *7 (S.D.N.Y. Dec. 10, 2008). Judge Lynch barred Plaintiff from repleading the other claims, which alleged that Verizon had perpetrated fraud and made misrepresentations in negotiating the Agreement, as duplicative of those resolved in *Jordan II* and thus foreclosed by the doctrine of *res judicata*. *Id.* at *6. Plaintiff filed an amended complaint, which Judge Lynch dismissed on the ground that the only proper

3

claim -- the breach of contract claim based on Verizon's alleged failure to provide an exit interview -- did not satisfy the $75,000 jurisdictional minimum necessary to sustain subject matter jurisdiction. *Jordan v. Verizon Corp.*, No. 08 Civ. 6414, 2009 WL 1490813, at *2 (S.D.N.Y. May 27, 2009). Judge Lynch dismissed the remaining claims, which were included in the amended complaint contrary to his express direction not to include them. *Id*. Plaintiff appealed, and the Second Circuit affirmed the District Court's judgment. *See Jordan v. Verizon Corp.*, 391 F. App'x 10, 13 (2d Cir. 2010) (summary order).

### D. This Action -- the 2017 Action

Plaintiff commenced this action on October 22, 2017. The claims in the Complaint arise from two sets of facts. The Complaint alleges five state law claims arising from Verizon's alleged misconduct in negotiating and executing the Agreement -- breach of contract (Counts I and III); anticipatory repudiation (Count II); fraudulent inducement (Count IV) and conspiracy to defraud (Count V). Liberally construed, the Complaint also alleges that Verizon improperly denied Plaintiff employee benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1), specifically pension, disability, and medical benefits.

#### 1. Misconduct during the Negotiation and Execution of the Agreement

With respect to the first subject, which concerns the Agreement, the Complaint alleges that (1) Verizon failed to conduct an exit interview per the Agreement; (2) when negotiating the Agreement, Verizon misrepresented to Plaintiff and the Court that she would receive her full pension and LTD benefits if she signed the Agreement; (3) Verizon withheld critical documents from Plaintiff, including LTD and other benefits-related information about "Active" and "Non Active" employees; and (4) Verizon never intended to honor the Agreement because it changed

4

her employee status from "Active" to "Non Active" to reduce the benefits Verizon was obligated to pay.[1]

### 2. Denial of Plaintiff's Claim for Benefits

Regarding the denial of benefits, the Complaint asserts that "new documents" have emerged since Plaintiff's previously filed actions, and changed the nature of her claims. These relate to an alleged "fake" employee classification system that Verizon used to determine employee benefits, and to the 2017 denial of Plaintiff's request for benefits as detailed below.

In May 2017, Plaintiff filed a claim initiation form with Verizon Benefits Center ("VBC"), requesting disability pension, LTD benefits and retiree medical benefits. In August 2017, VBC sent Plaintiff a letter denying her benefit requests ("Claim Denial Letter"). The Claim Denial Letter, which is attached to the Complaint, states that VBC denied Plaintiff's request for medical benefits because (1) she did not make timely payments on premiums owed, despite receiving several notices that failure to do so would result in cancellation of benefits, and (2) she did not enroll in new coverage after her coverage expired when she turned 65. Plaintiff alleges she did not receive any notices of payments due because Verizon kept an outdated address on file. As for pension and LTD benefits, the Claim Denial Letter states that Plaintiff did not accrue the 15 years of service at Verizon necessary to qualify for continued coverage after she turned 65.

The Claim Denial Letter also notified Plaintiff that, before she could pursue an ERISA claim in court, she is required to "file an appeal" by writing the Verizon Claims Review Committee in Norfolk, Virginia, within 60 days of the August 21, 2017 Claim Denial Letter (i.e., by October 20, 2017), and the "appeal must be finally decided" by Verizon's claims committee.

---

[1] The Complaint also alleges that Verizon improperly influenced judges to rule in its favor.

Instead of filing an internal appeal, Plaintiff commenced this action on November 22, 2017, stating in the Complaint, "The following is a formal response to the August 21, 2017 Letter sent to me (late received and apparently 'lost' due to my eviction from my home in March 2017, and attendant health problems that precluded answering earlier)," and "THIS AMENDED [sic] COMPLAINT IS PLAINTIFFS RESPONSE TO THE VBC BELATED RESPONSE [i.e., the Claim Denial Letter].[2]

According to the Complaint, the Claim Denial Letter reveals that Verizon classified Plaintiff as "Non Active Disabled" rather than an "Active Disabled," a fact that Verizon allegedly suppressed during discovery in *Jordan I* to induce Plaintiff to sign the Agreement and intentionally deprive her of benefits. The Claim Denial Letter does not reference the terms "Non Active Disabled" or "Active Disabled."

### E. Defendants' Motion to Dismiss and Plaintiff's Motion to Amend

Defendants responded to the Complaint with a motion to dismiss on March 16, 2018. Plaintiff filed an opposition and a letter in response to the motion on May 17, 2018, and a sur-reply on June 8, 2018. On July 13, 2018, Plaintiff filed a letter that was construed as a request to amend the Complaint.

On October 12, 2018, at the Court's request, Plaintiff filed the proposed amended complaint ("Proposed Amended Complaint"). According to her affidavit submitted with the proposed pleading, Plaintiff incorporates by reference into the 70-page Proposed Amended Complaint all of the facts alleged in the 89-page Complaint. The Proposed Complaint includes, in substance, the same facts as the Complaint, but adds an additional claim for disability

---

[2] The Complaint also states that "[t]here has been no response to her APPEAL." Dkt. 1 at 19 OF 89, which apparently refers to an appeal of a July 2017 communication from VBC. *See id*. at 9, 13, 14, 41 of 89; see also Dkt. 16 at 27-28 of 30.

discrimination, based on an employee classification system that allegedly was the basis for the 2017 denial of benefits and Claim Letter.  This claim is pleaded as a single cause of action in violation of the "Americans with Disabilities Act, Retirement Security Act of 1974, ERISA, COBRA, NYS Human Rights Law [and the] Retaliation Act of 1973."

## II. STANDARD

### A. 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

In considering a motion to dismiss, courts may look to documents appended to the complaint or referenced in the complaint, documents that the plaintiff relied on in bringing suit and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss

when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

In adjudicating Defendant's motion to dismiss, the Claim Denial Letter can be considered because it is attached to the Complaint, and the Agreement may be taken into account because it is integral to the Complaint. *See Goel*, 820 F.3d at 559 (Courts may look to "documents appended to the complaint or incorporated in the complaint by reference" in adjudicating the motion to dismiss). The Court may also take judicial notice of Plaintiff's Rule 60(b) Memorandum of Law in *Jordan II* and prior judicial decisions involving Plaintiff. *See, e.g., Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 n.3 (2d Cir. 2012) (Courts may "take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings."); *Brady v. John Goldman, Esq.*, No. 16 Civ. 2287, 2016 WL 8201788, at *3 (S.D.N.Y. Dec. 5, 2016), *report and recommendation adopted,* No. 16 Civ. 2287, 2017 WL 111749 (S.D.N.Y. Jan. 11, 2017) ("Judicial notice may be taken of prior court decisions.").

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

### III. DISCUSSION

The Complaint's de facto ERISA claim is dismissed for failure to exhaust administrative remedies. The breach of contract claim based on Verizon's failure to perform an exit interview is barred by the statute of limitations. Insofar as Plaintiff's contract claims relate to Verizon's fraud and misrepresentation when negotiating the Agreement, they are dismissed under the doctrine of *res judicata*.

### A. ERISA Claim

The Complaint alleges that Verizon wrongfully classified Plaintiff as a "Non Active Employee" and deprived her of pension, LTD and medical benefits to which she is entitled under ERISA. The Court construes these allegations to assert a claim under § 502(a)(1)(B) of ERISA, which authorizes a plan participant or beneficiary to bring a civil cause of action to recover benefits due under an employee benefit plan. Plaintiff's de facto ERISA claim is dismissed for failure to exhaust administrative remedies.

The Complaint does not allege exhaustion, even though exhaustion is recognized to be a prerequisite to pursuing an ERISA claim. *See, e.g., Novella v. Westchester Cnty*, 661 F.3d 128, 135 n.10 (2d Cir. 2011) (stating that "an ERISA action may not be brought in federal court until administrative remedies are exhausted"); *Peppiatt v. Aetna Life Ins. Co.,* 17 Civ. 2444, 2017 WL 6034641, at *5 (E.D.N.Y. Dec. 4, 2017) (dismissing ERISA claim on a motion to dismiss when the plaintiff failed to follow the appeal requirements set out in her insurance plan description and collecting cases); *Abe v. New York Univ.*, No. 14 Civ. 9323, 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (dismissing for failure to exhaust administrative remedies when the "[p]laintiff pleads no facts suggesting any effort to exhaust the remedies available through his ERISA administrative plan" and collecting cases); *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 293 (E.D.N.Y. 2014) (same).

The 2017 Claim Denial Letter, which is attached to the Complaint, advises Plaintiff of the need to pursue a timely administrative appeal and receive a final determination before filing suit. The Complaint fails to allege that Plaintiff exhausted her administrative remedies in this way. The Complaint instead affirmatively states that she did not; it expressly states that the Complaint is her formal response to the Claim Denial Letter.

Courts may waive the exhaustion requirement when the plaintiff pleads facts showing that exhaustion would be futile. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013) ("We do not require plaintiffs to exhaust their administrative remedies where they 'make a clear and positive showing that pursuing available administrative remedies would be futile.'"). The Complaint does not plead facts that make a clear and positive showing of futility. Even though Verizon argues that Plaintiff failed to exhaust, she did not address the issue in her opposition, sur-reply or Proposed Complaint. The ERISA claim is dismissed.

    **B.**    **Contract Claims**

        **1.**  **Counts II to V Are Barred by the Doctrine of Res Judicata**

Counts II through V of Plaintiff's complaint are barred by the doctrine of *res judicata* or claim preclusion.[3] "A party seeking to invoke claim preclusion must generally make three showings: (1) an earlier action resulted in an adjudication on the merits; (2) that earlier action involved the same counterparty or those in privity with them; and (3) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 237 (2d Cir. 2018). "Whether a claim that

---

[3] For judgments in federal-question cases, the "'uniform federal rules' of *res judicata*" apply. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (alterations omitted). "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id*. at 891 n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). Neither case is directly applicable here because *Jordan II* and this action involve federal courts exercising supplemental jurisdiction over state law claims. Defendants cite only federal law for principles of preclusion, and Plaintiff, who is pro se, does not cite either federal or state law. "Neither party identifies any way in which federal and state principles of preclusion law differ in any relevant respect," and the Court has not "found any such divergence." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2376 n.6. "Because there appears to be no significant difference between New York preclusion law and federal preclusion law ... [this Court] need not base [its] analysis of [the] res judicata claim on only one of these sources of preclusion law." *Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001); *see Int'l Bus. Mach. Corp., v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004) ("Choice of law does not matter ... unless the laws of the competing jurisdictions are actually in conflict.").

was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" *TechnoMarine*, 758 F.3d at 499.

Counts II, III, IV and V are barred by the doctrine of *res judicata*. The first element of *res judicata* is met here because *Jordan II* was a final adjudication on the merits of Jordan's contract claims. *See Jordan IV,* 2008 WL 5209989, at *6 ("Here, it is clear that the district court's decision in *Jordan II,* which became final upon the dismissal of plaintiff's appeal in *Jordan III,* constituted a final judgment that the settlement agreement that ended *Jordan I* was valid."). The second element is also met because Plaintiff was a party to *Jordan II*.

Finally, as to the third element, Counts II through V arise from the same transaction as the claims raised during *Jordan II*: the negotiation and execution of the Agreement. In particular, the Complaint alleges that during negotiations concerning the Agreement in *Jordan I*, Verizon misrepresented to her and the Court that Plaintiff would receive her full pension and LTD benefits if she signed the Agreement, and in her Rule 60(b) motion in *Jordan II*, Plaintiff also alleged that her lawyers misled her into signing the Agreement. The Complaint alleges that Verizon withheld critical documents from Jordan, including information about "Active" and "Non Active" employees, and in her Rule 60(b) motion, Plaintiff also claimed that she "was not allowed discovery of what benefits she was entitled to as an active employee." The Complaint alleges that Verizon never intended to honor the Agreement because they changed her employee status from "Active" to "Non Active" employee to reduce the benefits they were obligated to pay, and Plaintiff's Rule 60(b) motion accuses Verizon of altering Plaintiff's employment status from "active disabled" employee to "disabled" employee. These comparisons show that the

factual underpinnings of Counts II to V of the Complaint are the same allegations of fraud and misrepresentation that Plaintiff made in her Rule 60(b) motion in *Jordan II*. Therefore, Counts II through V are barred by the doctrine of *res judicata*.

Plaintiff argues that she obtained "new documents" -- the Claim Denial Letter -- that prove Verizon reclassified her employee status to deprive her of benefits and withheld that fact from her during negotiations to induce her into signing the Agreement. This argument is unavailing. Although the 2017 Claim Denial Letter was not yet available to Plaintiff in the 2008 lawsuit, the Complaint does not rely on it to allege any new misconduct. Instead, the Complaint merely reiterates that Verizon fraudulently misclassified Plaintiff as a non-active disabled employee, an allegation that she previously asserted in *Jordan II*. *See TechnoMarine*, 758 F.3d at 501 ("[C]laim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim.").

### 2. Count I is Barred by the Doctrine of Collateral Estoppel and the Statute of Limitations

The breach of contract claim in Count I is premised on Verizon's failure to conduct an exit interview as required by the Agreement. Count I is not barred by the doctrine of *res judicata,* but is dismissed on two independent bases -- the doctrine of collateral estoppel and the statute of limitations.

Judge Lynch dismissed Count I in *Jordan IV*, but the basis for the dismissal was lack of subject matter jurisdiction. Because he did not address the merits of Plaintiff's claim, his dismissal has no res judicata effect. *See St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no *res judicata* effect."); *accord Tran v. Farmers Grp. Inc.*, No. 17 Civ. 3907, 2018 WL 2926152, at *3 (S.D.N.Y. June 11, 2018).

Count I is nevertheless dismissed for lack of subject matter jurisdiction because it fails to satisfy the minimum amount in controversy for diversity jurisdiction. Judge Lynch decided that issue in *Jordan IV*, and Plaintiff is barred from relitigating it here under the doctrine of collateral estoppel. Collateral estoppel applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 406 n.5 (2d Cir.), *cert. denied*, 139 S. Ct. 237 (2018). These elements are satisfied here. Verizon raised the value of the exit interview as an issue that precludes diversity jurisdiction in *Jordan IV*; Plaintiff had a full and fair opportunity to litigate the issue by submitting affidavits attesting to the value of the exit interview; Judge Lynch made a factual finding that any damages arising from the exit interview did not exceed $75,000; and the resolution of the amount-in-controversy requirement was necessary for the court to dismiss the case for lack of subject matter jurisdiction. *See Jordan IV*, 2009 WL 1490813, at *3-4; *see also Ruhrgas AG v Marathon Oil Co.,* 526 U.S. 574, 576 (1999) ("[I]f a federal court concludes that state law does not allow damages sufficient to meet the amount in controversy for diversity jurisdiction, see 28 U.S.C. § 1332(a), and remands to the state court on that basis, the federal court's ruling on permissible state-law damages may bind the parties in state court.").

Even if the Court had subject matter over Count I, it is dismissed because it is untimely. Breach of contract claims are subject to a six-year statute of limitations under New York law. N.Y. C.P.L.R. 213 (McKinney). The "statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the

existence of the wrong or injury." *ACE Sec. Corp. v. DB Structured Prod., Inc.*, 36 N.E.3d 623, 628 (2015).

Here, the Complaint alleges that Verizon breached the Agreement by declaring its intention not to honor the exit interview provision and failing to reschedule the interview "weeks after executing the deal" on July 27, 2004. However, Plaintiff filed this breach of contract action on November 22, 2017, over thirteen years after the alleged breach by Verizon occurred. This is well past the six-year bar. *See* N.Y. C.P.L.R. 213. Count I is barred by the statute of limitations.

### C. Leave to Amend

"Leave to amend should be 'freely give[n] . . . when justice so requires,' Fed. R. Civ. P. 15(a)(2), but should generally be denied in instances of futility . . ." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (some internal quotation marks omitted). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *F5 Capital v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017).

Plaintiff's motion for leave to amend the Complaint is denied as futile because the Proposed Amended Complaint fails to allege contract claims that are not barred by the doctrines of *res judicata* or collateral estoppel, or the statute of limitations. Amendment with respect to the ERISA claim is also futile because Plaintiff has not exhausted administrative remedies, and the time to do so has passed.

The new discrimination claims alleged in Count VI of the Proposed Amended Complaint are also futile because they could not withstand a motion to dismiss. Count VI alleges violations of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and the Rehabilitation Act of 1973.

- The NYSHRL claim is barred by the statute of limitations. *See Figueroa v. Foster*, 864 F.3d 222, 235 (2d Cir. 2017) (citing N.Y. Exec. Law § 297(5)) ("NYSHRL claims are subject to a one-year statute of limitations.").

- The ADA claim does not plead that Plaintiff exhausted administrative remedies by filing a charge with the EEOC within 180 days of the unlawful conduct. *See Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 171 n.10 (2d Cir. 2013) ("ADA Title I . . . requires a claimant to file a charge of employment discrimination with the EEOC within 180 days after the discriminatory act."); *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007) (stating that challenging the plaintiff's failure to exhaust administrative remedies under the ADA is "characterized as a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)"); *accord Davis v. FedEx Ground Package Sys.*, No. 15 Civ. 04027, 2017 WL 1239594, at *5 (granting the defendant's motion to dismiss ADA claims because "plaintiff failed to exhaust these claims with the EEOC") (E.D.N.Y. Mar. 31, 2017).

- Plaintiff does not have standing to bring the Rehabilitation Act claim as she was not a federal employee and has not alleged that she participated in a program or activity receiving federal financial assistance. *See* 29 U.S.C. § 794 (West) ("No otherwise qualified individual with a disability . . . [shall] be subjected to discrimination under any program or activity receiving Federal financial assistance.").

When a pro se Plaintiff requests leave to amend, "permission generally should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, as this is Plaintiff's third federal action against Verizon concerning the Agreement, Plaintiff has had

multiple opportunities to replead. Plaintiff also has filed a Proposed Complaint which would be futile as it could not withstand a motion to dismiss. The motion to replead is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, and Plaintiff's motion for leave to amend the Complaint is denied.

The Clerk of Court is respectfully directed close the motion at Dkt. 15 and close the case.

Dated: January 28, 2019
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                  **UNITED STATES DISTRICT JUDGE**